**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VIVEK CHATURVEDI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ORBCOMM INC., et al.,<br><br>　　　　　　Defendants. | Case No. 20-cv-01875-BLF<br><br>**ORDER GRANTING MOTION FOR IMPROPER VENUE AND TRANSFERRING CASE TO THE DISTRICT OF UTAH**<br><br>[Re: ECF 44] |

Plaintiff Vivek Chaturvedi, the former CFO of inthinc Technology Solutions, Inc., has filed suit against his former employer, its parent company inthinc, inc. (collectively "inthinc"), and Todd Follmer, inthinc's former CEO. *See* Am. Compl. ("FAC"), ECF 21. Default has been entered against both inthinc entities. *See* Notice, ECF 50. Defendant Follmer brings this motion to dismiss, and he argues as a threshold matter that venue is not proper in this Court since the only connection to this forum is Plaintiff Chaturvedi's primary residence. *See* Mot., ECF 44. All events giving rise to Plaintiff Chaturvedi's claims occurred in Utah, according to Defendant Follmer. *See id*. In the alternate, Defendant Follmer argues that Plaintiff Chaturvedi has failed to state claims upon which relief can be granted. *See id*. Plaintiff Chaturvedi opposes dismissal on both grounds. *See* Opp'n, ECF 47. The Court agrees with Defendant Follmer that venue is not proper here and will GRANT his motion and TRANSFER the case to the District of Utah.

**I.     BACKGROUND**

Plaintiff Chaturvedi worked for inthinc from August 2012 until February 2017. FAC ¶¶ 26, 94. During the relevant time period, inthinc was headquartered in Salt Lake City, Utah. *Id.* ¶¶ 7-8. While Plaintiff continued to reside in Santa Clara County, he did have an office in Salt Lake City. FAC ¶ 27; Decl. of Todd Follmer ("Follmer Decl.") ¶¶ 6-7, ECF 44-1; Decl. of Vivek Chaturvedi

("Chaturvedi Decl.") ¶ 4, ECF 47-1. All of the discussions between Plaintiff Chaturvedi and Defendant Follmer regarding the terms of Chaturvedi's compensation and employment took place in Salt Lake City at inthinc's office. Follmer Decl. ¶ 8. Plaintiff Chaturvedi does not dispute this. Plaintiff Chaturvedi's written employment agreement is governed by Utah law and contains a permissive Utah venue provision. FAC ¶¶ 22-23, 40.

Plaintiff Chaturvedi contends that Defendants failed to pay his previously earned wages ($300,000), severance package (exceeding $460,000), and exit incentives (exceeding $2 million) stemming from Orbcomm Inc.'s acquisition of inthinc's assets in June 2017. FAC ¶¶ 3, 5, 15, 80, 108, 114, 127. Some of Plaintiff Chaturvedi's claims are based on an alleged oral agreement between himself and Defendant Follmer that occurred at an in-person meeting in Salt Lake City. FAC ¶¶ 79-81; Follmer Decl. ¶ 8. Plaintiff Chaturvedi does not dispute that the conversations occurred in Utah.

Plaintiff Chaturvedi brings six claims: 1) breach of written employment agreement; 2) breach of oral employment agreement; 3) breach of oral exit incentive agreement; 4) breach of fiduciary duties; 5) fraud; 6) a request to set aside fraudulent transfers. FAC ¶¶ 101-154.

## II. LEGAL STANDARD

Venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A defense of improper venue may be raised by motion under Federal Rule of Civil Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28

U.S.C. § 1406(a). The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California."). "Under the applicable venue provisions, . . . the defendant's residence may be relevant, but the plaintiff's residence clearly is irrelevant." *Gilbert v. Sec'y of State*, 951 F.2d 359 (9th Cir. 1991). In ruling on a motion to dismiss based on improper venue, "the allegations in the complaint need not be accepted as true and the Court may consider evidence outside the pleadings." *eBay Inc. v. Digital Point Sols., Inc.*, 608 F. Supp. 2d 1156, 1161 (N.D. Cal. 2009) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)). Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992).

### III. DISCUSSION

Defendant Follmer argues that Plaintiff Chaturvedi has failed to meet his burden for establishing venue and that venue is nonetheless improper because all of the actions giving rise to the claims occurred in Utah. Mot. 10-11. The Court agrees. The only mention of venue in the complaint is a reference to the permissive Utah venue clause in the written employment agreement. FAC ¶¶ 22-23. Further, the Court is satisfied that all of the events giving rise to Plaintiff Chaturvedi's claims occurred in Utah, as that is where all of the discussions between the parties regarding the terms of compensation and employment took place, a fact that Plaintiff Chaturvedi does not dispute. Plaintiff Chaturvedi's arguments regarding all the general activities connected to his employment that occurred in California, *see* Chaturvedi Decl., are not relevant to the venue analysis because those are not the activities giving rise to his asserted claims.

Plaintiff Chaturvedi requests that this Court transfer his case to the District of Utah rather than dismiss it in order to alleviate any risk that dismissal would subject his claims to statute of limitations violations. Opp'n 12-13. Defendant Follmer instead advocates for this Court to dismiss the case rather than transfer it. Reply 8-9, ECF 51. Exercising its discretion and finding it to be in the interest of justice pursuant to 28 USC 1406(a), the Court will transfer venue to the proper

court, the District of Utah. Since venue is not proper before this Court, the Court declines to rule on the substance of Plaintiff Chaturvedi's claims, deferring instead to the Utah judge that will preside over this case. Any preliminary comments made by the Court at the December 17, 2020 hearing regarding the pleadings are in no way meant to be binding on the parties or the future court that will adjudicate this case.

## IV. ORDER

For the foregoing reasons, the Court GRANTS Defendant Follmer's motion for improper venue. The Clerk shall transfer this action to the District of Utah and close the case.

Dated: December 23, 2020

_____
BETH LABSON FREEMAN
United States District Judge